UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR FERNANDEZ, | ) | Case No.  EDCV 07-6145-JTL |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On October 9, 2007, Oscar Fernandez ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his applications for Disability Insurance Benefits and Supplemental Security Income benefits.  On October 16, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  On November 5, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on May 5, 2008, defendant filed an Answer to the Complaint.  On July 10, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On July 28, 2004, plaintiff filed applications for Disability Insurance Benefits and Supplemental Social Security Income benefits.[1] (Administrative Record ["AR"] at 332-35, 648-50). Plaintiff alleged a disability onset date of May 20, 2004 due to hypertension, diabetes, seizures, headaches and memory loss. (See AR at 17). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 291, 292, 293-97, 299-04). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 305).

On November 13, 2006, the ALJ conducted a hearing in Long Beach, California. (See AR at 667-91). Plaintiff appeared at the hearing with counsel and testified. (AR at 670-86). Jeanine Metildi, a vocational expert, also testified at the hearing. (AR at 686-90). On November 24, 2006, the ALJ issued her decision denying benefits to plaintiff. (AR at 17-36). The ALJ determined that plaintiff had the following severe impairments: seizure disorder, history of right hand injury, early degenerative changes in the knee, diabetes mellitus, hypertension and obesity. (AR at 20). The ALJ determined that plaintiff's conditions did not meet or equal any of the impairments listed in Appendix 1 of the regulations. (Id.). After discussing the medical evidence in the record, the ALJ determined that plaintiff had the residual functional capacity to perform a limited range of light work. (AR at 20-33). The ALJ concluded that although plaintiff is unable to perform his past relevant work as a custodian, plaintiff retains the functional capacity to perform jobs that exist in significant numbers in the national economy. (AR at 33-36). Accordingly, the ALJ concluded that plaintiff was not disabled from May 20, 2004, the alleged onset date, through November 24, 2006, the date of the decision. (AR at 36). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 8-10).

---

[1] Plaintiff previously filed applications for Disability Insurance Benefits and Supplemental Security Income benefits on November 26, 2002. (AR at 93-95, 260-62). These applications were denied initially, upon reconsideration and at the hearing level. (See AR at 55-63, 277-85). On September 23, 2005, the Appeals Council denied plaintiff's request for review as untimely. (AR at 48-80, 289-90).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.    The ALJ failed to properly consider the opinion of Nguyen N. Thong, M.D., plaintiff's treating physician.

2.    The ALJ failed to properly consider the type, dosage, effectiveness and side effects of plaintiff's medications as assessed by Dr. Thong.

3.    The ALJ failed to present a complete hypothetical to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for

a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.    Nguyen N. Thong, M.D.**

Plaintiff argues that the ALJ failed to properly consider the opinion of Nguyen N. Thong, M.D., plaintiff's treating physician. On March 22, 2004, Dr. Thong opined that plaintiff experienced functional limitations due to side effects from his medications. (Joint Stipulation at 3; AR at 505-06). Specifically, plaintiff argues that the ALJ failed to properly consider Dr. Thong's findings that (1) plaintiff's medication caused dizziness, eye focusing problems, double

4

1   vision, coordination disturbance, and lack of awareness; (2) plaintiff had depression, irritability,

2   poor-self esteem, short attention span and memory problems; and (3) plaintiff's impairments

3   cause him to have "good days" and "bad days;" and, on average, plaintiff was likely to be

4   absent from work more than four times a month.   In response, defendant argues that Dr.

5   Thong's report is not relevant to the time period adjudicated in the November 24, 2006 opinion:

6   May 20, 2004, plaintiff's alleged onset date, through November 24, 2006, the date of the

7   decision.  (Joint Stipulation at 5).

8       Plaintiff previously filed applications for Disability Insurance Benefits and Supplemental

9   Security Income benefits on November 26, 2002.  On May 19, 2004, ALJ Jay E. Levine denied

10  plaintiff's previous applications at the hearing level.  (AR at 55-63, 277-85).  ALJ Levine found

11  that plaintiff's "combination of post traumatic epilepsy, history of right hand injury with healed

12  right index finger fracture and right thumb osteoarthritis, early degenerative changes in the right

13  knee, mild (Level I) obesity, insulin dependent diabetes mellitus, and history of depression is

14  considered 'severe[.]'"  (AR at 62).   ALJ Levine, however, found that plaintiff's allegations

15  regarding his functional limitations were not totally credible.   He ultimately concluded that

16  plaintiff had the residual functional capacity to perform a significant range of light work and that

17  there were significant jobs in the national economy that plaintiff could perform.  (AR at 62-63).

18  Accordingly, ALJ Levine concluded that plaintiff was not disabled from November 26, 2002

19  through May 19, 2004.[2]  (AR at 63).

20      ALJ Levine discussed Dr. Thong's opinion in his decision.  (AR at 58, 59).  ALJ Levine

21  noted that Dr. Thong completed a Seizures Residual Functional Capacity Questionnaire on

22  March 22, 2004 and "indicated [plaintiff] had three seizures on March 3, 2004, that [plaintiff] had

23  an average of three seizures per week and six per month, and that the typical seizure lasted

24  about two minutes with postictal confusion, exhaustion, irritability, and severe headaches for

25  thirty minutes."  (AR at 58; see AR at 226-30).  ALJ Levine noted that there were no identified

26  clinical treating source notes from a neurologist and that there were no notes corroborating the

27  ─────────────

28      [2]  Plaintiff's alleged onset date in the instant application, May 20, 2004, is one day after ALJ
    Levine issued his decision denying plaintiff's previous application for benefits.

1    history reported by Dr. Thong.  ALJ Levine determined that plaintiff's history, as reported by Dr.

2    Thong, "is contradicted by the reports of the other treating and consulting medical sources.

3    Indeed, it is internally contradictory as indicated by the noted frequency of the seizures and

4    inconsistent with [plaintiff's] statements regarding his use of public transportation as needed.

5    The finding of such extreme functional limitations is quite inconsistent with the level of treatment

6    indicated in the treating source records."  (AR at 58).  The ALJ concluded that he could not give

7    Dr. Thong's report much weight because it appeared to be completed "in a rather cursory

8    manner" and "has little or no reasonable relationship to the medical evidence of record."  (AR

9    at 59).

10        Although applied less rigidly to administrative than to judicial proceedings, the principles

11   of res judicata do apply to administrative decisions.  Chavez v. Bowen, 844 F.2d 691, 693 (9th

12   Cir. 1988; Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988).  A previous determination of

13   nondisability creates a presumption of continuing nondisability with respect to the period after

14   the date of the prior decision.  See Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995); Miller v.

15   Heckler, 770 F.2d 845, 848 (9th Cir. 1985); Lyle v. Sec'y, 700 F.2d 566, 568-569 (9th Cir.

16   1983).  The presumption does not apply, however, if there are "changed circumstances."

17   Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985).  Thus, the presumption may be overcome

18   by a showing of "changed circumstances," such as new and material changes to the claimant's

19   residual functional capacity, age, education, or work experience.  Lester, 81 F.3d at 827-828;

20   Chavez, 844 F.2d at 693; Lyle, 700 F.2d at 568 n.2.  Accordingly, res judicata does not apply

21   when the claimant raises an issue not considered in the previous decision, such as the

22   existence of a new impairment, or demonstrates an increase in the severity of an impairment,

23   either one of which adversely affects his residual functional capacity.  Lester, 81 F.3d at 827.

24        In his November 24, 2006 decision in this case, the ALJ summarized the proceedings

25   of plaintiff's prior application and ALJ Levine's decision, and noted that plaintiff's attorney

26   submitted information relative to the prior period with the application for benefits in this case.

27   The ALJ noted that she reviewed the information and "does not find that it is new and material

28

evidence or otherwise probative to form a basis to reopen the previous determination(s) on [plaintiff's] prior application(s)." (AR at 18). The ALJ stated that any discussion of evidence pertaining to the period covered by plaintiff's prior application "is for informational purposes only and is not intended to be construed as a reopening of the previous application nor is it intended to be construed as a readjudication of the merits of the prior claim." (AR at 18). The ALJ properly noted that based on <u>Chavez v. Brown</u>, 844 F.2d 691 (9th Cir. 1998) and Social Security Ruling[3] 97-4(9), a presumption of continuing non-disability is required because "[t]he record does not show a material change in [plaintiff's] physical or mental condition since [ALJ Levine's] decision." (AR at 32).

Plaintiff here does not challenge the presumption of continuing non-disability based on "changed circumstances." Plaintiff merely argues that the ALJ failed to consider Dr. Thong's questionnaire. (Joint Stipulation at 6). The ALJ, however, noted in her decision that the record contained a Seizure Residual Functional Capacity Questionnaire dated March 22, 2004 in which Dr. Thong opined that plaintiff was disabled because of uncontrolled seizures. (AR at 23). The ALJ then briefly summarized Dr. Thong's findings and noted that ALJ Levine had previously considered the Questionnaire in the prior hearing decision. (AR at 23; <u>see</u> AR at 58, 59). In discussing the status of plaintiff's seizure disorder since ALJ Levine's decision, the ALJ stated:

> [ALJ] Levine concluded that the record does not corroborate [plaintiff's] subjective allegation that he has seizures more than once per week. The undersigned finds that the record in connection with the current claim also does not corroborate an increased frequency, severity, or duration of seizures when [plaintiff] is compliant with his medications, from that

[3] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc). Although they do not have the force of law, they are, nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." <u>Han v. Bowen</u>, 882 F.2d 1453, 1457 (9th Cir. 1989).

determined by Judge Levine.  The record does not show an increased degree of post-ictal problems.  [Plaintiff's] presentation to the emergency room doctor in September 2006 casts doubt on whether he has any post-ical problems at all, and whether there is any loss of awareness during a seizure.

(AR at 30-31).  The ALJ also noted that plaintiff has been diagnosed with "depression and 'situational stress.'" (AR at 31).  The ALJ concluded, however, that based on the treatment records, no mental status examination had been done and no functional mental or behavior limitations had been reported secondary to this condition.  The ALJ noted that plaintiff "described his depression as frustration from not having money for a car, or a job, and not being able to get disability benefits." (Id.).  Moreover, the ALJ noted that while plaintiff complained of memory loss in a pre-hearing statement (AR at 375), plaintiff did not complain about it to his doctors, no tests were performed, no records demonstrate memory loss and he did not appear to have memory loss while testifying at the hearing.  (AR at 31).  Furthermore, the ALJ noted that plaintiff has not sought aggressive treatment for his seizures or depression.  (AR at 32).  Thus, the ALJ's decision to accept the factual findings underlying the first decision is not inconsistent with the medical records.  Based on the foregoing, the Court finds that the ALJ did not err in failing to reconsider Dr. Thong's report.

**C.    Side Effects of Plaintiff's Medications**

Next, plaintiff argues that the ALJ failed to discuss the side effects of plaintiff's medications as assessed by Dr. Thong.  As discussed in Section B, the ALJ properly determined that a presumption of continuing non-disability is required because "[t]he record does not show a material change in [plaintiff's] physical or mental condition since [ALJ Levine's] decision." (AR at 32).  Thus, the ALJ did not err in failing to discuss the side effects assessed

1  by Dr. Thong in his March 22, 2004, report.[4]

2  **D.   The ALJ's Hypothetical to the Vocational Expert**

3         Plaintiff argues that the ALJ erred by omitting Dr. Thong's opinion regarding the side

4  effects of plaintiff's medications, and his opinion that plaintiff will miss four days of work per

5  month, from the hypothetical questions she presented to the vocational expert at the hearing.

6  (Joint Stipulation at 10).  In order for the vocational expert's testimony to constitute substantial

7  evidence, the ALJ must pose a hypothetical that is based on medical assumptions supported

8  by substantial evidence in the record that reflects each of the claimant's limitations.  Andrews

9  v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995); Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir.

10 1995).  The hypothetical should be "accurate, detailed and supported by the medical record."

11 Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  An ALJ may properly omit an alleged

12 impairment from a hypothetical if the omission of the impairment is supported by substantial

13 evidence in the record.  Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).  An ALJ need

14 only accept, and include in his hypothetical to the vocational expert, those limitations the ALJ

15 finds credible and supported by substantial evidence in the record.  Andrews, 53 F.3d at 1044.

16        As discussed above, the ALJ properly applied to the principles of res judicata and her

17 findings are supported by substantial evidence in the record.  Thus, the omission of Dr. Thong's

18

19

20        [4]  Moreover, the medical evidence in the record shows that plaintiff was not always compliant with
21 his medications during this period.  While the side effects of medication are a factor to be considered
   in the formulation of a claimant's residual functional capacity, see SSR 96-8p, SSR 96-7p, an ALJ
22 need not believe every allegation of disabling pain or functional limitation.  See Orteza v. Shalala, 50
   F.3d 748, 750 (9th Cir. 1995).
23        Here, the ALJ noted that laboratory studies on March 4 and 5, 2004 showed low seizure
   medications and that plaintiff admitted that, at times, he was not very compliant with the medication
24 because he was afraid of toxicity.  (AR at 24).  The ALJ noted that laboratory studies on March 25,
   2004 again showed low levels of seizure medications and plaintiff again admitted that he was not
25 very compliant with his medications.  (AR at 25).  Thereafter, the ALJ noted laboratory reports dated
   February 22, 2005, April 12, 2005 and July 15, 2005 all showed high levels of seizure medications in
26 plaintiff's blood.  (AR at 26-27).  The ALJ noted that on September 19, 2006, plaintiff "admitted that
   he has been out of seizure, diabetes mellitus, and hypertensive medications for two weeks," on
27 September 25, 2006, a laboratory report showed low levels of seizure medications, and a laboratory
   report dated October 2, 2006 showed low levels of one seizure medication and a high level for
28 another seizure medication.  (AR at 28, 29).

1   assessed side effects and functional limitations from the hypothetical posed to the vocational

2   expert does not constitute error.  See Osenbrock, 240 F.3d at 1165.

3

4                                          **ORDER**

5          After careful consideration of all documents filed in this matter, this Court finds that the

6   decision of the Commissioner is supported by substantial evidence and that the Commissioner

7   applied the proper legal standards.   The Court, therefore, AFFIRMS the decision of the

8   Commissioner of Social Security Administration.

9

10          **LET JUDGMENT BE ENTERED ACCORDINGLY.**

11   DATED: August 18, 2008

12                                          _____/s/-Jennifer T. Lum_____
                                            JENNIFER T. LUM
13                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28